**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **JOSEPH MITCHELL BLAKE, III**<br><br>**Appellant,**<br><br>**v.**<br><br>**MICHAEL GROW, JR., et al.,**<br><br>**Appellee,** | ) | **CIVIL ACTION NO. 5:26-cv-219 (MTT)** |

**ORDER**

On June 3, 2026, Appellant Joseph Mitchell Blake, III, filed a notice of appeal from the United States Bankruptcy Court of the Middle District of Georgia. ECF 1. That day, he moved to expedite the appeal and to stay two Bankruptcy Court orders pending appeal. ECF 2; 3. Blake again moved to stay on July 27, 2026. ECF 50. The Bankruptcy Court transmitted the record on appeal on July 24, 2026. ECF 45. For the following reasons, Blake's motions to stay (ECF 3; 50), and his motion to expedite the appeal (ECF 2) are **DENIED**.

**I. BACKGROUND**

Blake owns three parcels of property, which are encumbered by mortgages held by different creditors. ECF 45-1 at 13-14, 23-24. Blake sued each creditor in state court to contest the mortgages and quiet title. ECF 45-7 at 32:1-15:9, 54:8-55:6. On March 26, 2026, the Superior Court of Houston County dismissed Blake's lawsuit related to property located at 108 Woolfolk Road in Kathleen, Georgia. ECF 3 ¶ 1. A foreclosure sale was scheduled for April 7, 2026, on the Woolfolk Road property. *Id.* On the day his

state court case was dismissed, Blake filed his Chapter 13 voluntary petition "to invoke the protections of the automatic bankruptcy Stay." ECF 3 ¶ 2; 45-7 at 1.

On March 27, 2026, Creditor Michael Grow, Jr., moved for relief from the automatic bankruptcy stay. *Id.* at 2. The Bankruptcy Court granted Grow's motion at a hearing on April 2, 2026, which allowed Grow to pursue foreclosure of the property located at Woolfolk Road. *Id.* at 4. Blake later filed an emergency motion for reconsideration, which the Bankruptcy Court denied on April 15, 2026. *Id.* at 8.

On April 21, 2026, Grow moved to dismiss Blake's petition. ECF 54-1 at 28. The Trustee moved to dismiss on May 5, 2026. ECF 45-2 at 11. Both argued that Blake was not eligible as a debtor because he had not completed required credit counseling before he filed his petition. ECF 54-1 at 30-31; 28-29. The Bankruptcy Court granted the motion to dismiss at a hearing on May 28, 2026. ECF 45-7 at 14.

Blake filed a notice of appeal in both the Bankruptcy Court and this Court on June 3, 2026. ECF 1; 45-7 at 15. In his notice of appeal, Blake identified two orders as the subject of the appeal: (1) the April 2, 2026 order granting Grow relief from the automatic stay, and (2) the May 28, 2026 order dismissing his petition. ECF 1 at 2. Since his June 3 notice of appeal, Blake has filed 48 pleadings and documents, including 14 motions. The status of the property at Woolfolk Road is unclear, but Blake states that a foreclosure sale was scheduled for June 8, 2026.[1] ECF 3 at 1. According

[1] It appears that the foreclosure sale occurred, and Blake is pursuing additional relief in state court for "wrongful foreclosure." *See* ECF 35 at 2.

to Blake, his primary residence at Londie Lane is subject to a foreclosure sale advertised for August 4, 2026, necessitating an emergency stay.[2] ECF 50 at 1.

## II. DISCUSSION

Blake seeks a stay of the Bankruptcy Court's April 2, 2026 order granting Grow relief from the automatic bankruptcy stay as to the Woolfolk Road property, and the May 28, 2026 order dismissing Blake's petition. ECF 2; 50. First, the Court has no jurisdiction to stay the Bankruptcy Court's April 2, 2026 order. Second, as to the Bankruptcy Court's May 28, 2026 order dismissing Blake's appeal, the Court concludes that Blake has not shown that he is entitled to a stay pending the appeal.

### A. The Bankruptcy Court's Order Granting Relief from Automatic Bankruptcy Stay

The Court lacks jurisdiction to review the Bankruptcy Court's April 2, 2026 order granting Grow relief from the automatic bankruptcy stay because Blake's appeal of that order was untimely. Under Rule 8002 of the Federal Rules of Bankruptcy Procedure, "a notice of appeal must be filed with the bankruptcy clerk within 14 days after the judgment, order, or decree to be appealed is entered." Fed. R. Bankr. P. 8002(a)(1). If a party moves for reconsideration, "the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion." Fed. R. Bankr. P. 8002(b)(1).

The Bankruptcy Court granted Grow's motion for relief from the bankruptcy stay on April 2, 2026. Blake filed an emergency motion for reconsideration, which the

[2] Although the details of Blake's state court litigation are unclear, it appears that he filed actions against each creditor for each of his properties to contest their mortgages and quiet title. ECF 4-1 at 2. His action related to his primary residence was appealed, but he states the Georgia Supreme Court denied a stay on July 15, which caused the mortgage servicer to schedule and advertise a non-judicial foreclosure sale. ECF 50 at 2.

Bankruptcy Court denied on April 15, 2026. 45-7 at 8. Thus, to be considered timely, Blake's notice of appeal must have been filed by April 29, 2026.[3] Blake filed his notice of appeal over a month after the deadline on June 3, 2026. *Id.* at 15. Accordingly, the Court lacks jurisdiction over the Bankruptcy Court's April 2 order, and cannot enter a stay preventing any foreclosure or other action related to the Woolfolk Road property. *See In re Williams*, 216 F.3d 1295, 1298 (11th Cir. 2000) ("The Supreme Court has emphasized that the timely filing of a notice of appeal is mandatory and jurisdictional. If the notice is not timely filed, the appellate court is without jurisdiction to hear the appeal." (citation modified)); *In re Legum*, 756 F. App'x 975, 976 (11th Cir. 2019) ("If an appellant seeking review of an order of the bankruptcy court fails to file a timely notice of appeal, the district court lacks jurisdiction to consider the appeal.").

**B. The Bankruptcy Court's Order Granting Motion to Dismiss**

Blake timely filed his notice of appeal from the Bankruptcy Court's order of dismissal. However, Blake has not shown that he is entitled to a stay pending his appeal. "A stay pending appeal is an 'extraordinary remedy' and the party seeking it must show: '(1) a substantial likelihood that they will prevail on the merits of the appeal; (2) a substantial risk of irreparable injury to the[m] unless the [stay] is granted; (3) no substantial harm to other interested persons; and (4) no harm to the public interest.'" *In re Woide*, 730 F. App'x 731, 737-38 (11th Cir. 2018) (quoting *Touchston v. McDermott*, 234 F.3d 1130, 1132 (11th Cir. 2000)). "The likelihood of success is the most heavily weighted factor." *In re Fulcrum Loan Holdings*, LLC, 2025 WL 3555137, at *3 (N.D. Ga.

[3] Blake did not request an extension, nor could he have. Rule 8002(d)(2)(A) provides that bankruptcy courts cannot extend the time to file a notice of appeal if the order "grants relief from an automatic stay under § 362." Fed. R. Bankr. P. 8002(d)(2)(A).

Nov. 13, 2025). However, where factors two through four weigh heavily in favor of granting the stay, “the movant need only show a substantial case on the merits.” *Matter of Shibley*, 2023 WL 2726039, at *1 (N.D. Ga. Mar. 30, 2023) (quoting *In re First S. Sav. Ass’n*, 820 F.2d 700, 704 (5th Cir. 1987) (citation modified)); *see also League of Women Voters of Fla., Inc. v. Fla. Sec’y of State*, 32 F.4th 1363, 1370 (11th Cir. 2022).

First, Blake has not shown a substantial likelihood that he will prevail on the merits. The Bankruptcy Court dismissed Blake’s petition because he did not qualify as a debtor under 11 U.S.C. § 109(h)(1). ECF 45-2 at 20. Under § 109(h)(1), an individual may not be a debtor unless he first obtains credit counseling by an approved nonprofit budget and credit counseling agency. Section 109(h)(3)(A) provides an exception to the credit counseling requirement if the debtor submits a certification that:

> (i) describes exigent circumstances that merit a waiver of the requirements in paragraph (1);
>
> (ii) states that the debtor requested credit counseling services from an approved nonprofit budget and credit counseling agency, but was unable to obtain the services referred to in paragraph (1) during the 7-day period beginning on the date on which the debtor made that request; and
>
> (iii) is satisfactory to the court.

At the May 28, 2026 hearing, Blake argued that exigent circumstances existed because when he filed the petition on March 26, the foreclosure on the Woolfolk Road property was scheduled for April 7. ECF 45-10 at 8:16-1:11. However, Blake had 12 days between the dismissal of his state court case and the scheduled foreclosure to seek credit counseling. He presented no evidence that he even attempted to obtain credit counseling before he filed his petition as required by § 109(h)(3)(A)(ii). *Id.* at 12:19-13:15. Thus, Blake did not qualify as a debtor under § 109(h)(1) and did not meet the requirements of the § 109h(3)(A) exception. Therefore, he is not likely to succeed on

the merits of his appeal.[4] The Court could likely stop there. *See Matter of Shibley*, 2023 WL 2726039, at *3 ("[W]here a 'movant does not make the requisite showings on either [a likelihood of success on the merits or that he will suffer irreparable harm], the court's inquiry into the balance of harms is unnecessary, and the stay should 'be denied without further analysis.'" (quoting *Matter of Forty-Eight Insulations*, 115 F.3d 1294, 1300-01 (7th Cir. 1997))). But the Court will consider the remaining factors.

The second factor is whether Blake will suffer irreparable harm if the stay is not granted. Blake contends his family home will be permanently lost absent a stay because "the transfer of title at foreclosure is final and irreversible." ECF 50 at 3. Of course, Blake will certainly suffer harm if his home is foreclosed. However, Blake has sought ample relief in state court, and it appears that he continues to do so. If the foreclosure is improper, the state court can provide Blake adequate relief. *See in re Quinteros*, 2019 Bankr. LEXIS 3495, at *3 (D.C. Bankr. Ct. Nov. 18, 2019) ("The debtor is not being irreparably harmed when the [p]roperty has no equity and when the debtor can raise in the state court foreclosure action any defenses against foreclosure."). Thus, the Court finds no irreparable harm.

The third factor is the harm to other interested persons. Blake has failed to show that a delay in the foreclosures will not harm other interested persons. He states that "[r]einstating the stay merely preserves the status quo and pauses liquidation until this Court can rule on the merits of the appeal, whereas denying the stay guarantees the complete and irreversible destruction of Appellant's estate." ECF 50 at 3. However,

---

[4] Notably, a dismissal for cause and a determination of whether a debtor qualifies for the exigent circumstances exception are reviewed for abuse of discretion. *See In re Echeverry*, 720 F. App'x 598, 599 (11th Cir. 2018).

Blake's conclusory statement is not sufficient to show no substantial harm to other persons with an interest in the property. And even if it were, Blake would not be entitled to a stay based on this factor alone because he has not shown a substantial likelihood that he will prevail on the merits.

Finally, Blake contends "the public interest is heavily served by ensuring that a *pro se* litigant not unconstitutionally dispossessed of his home due to active document forgery and service evasion on the federal docket." ECF 50 at 3-4. First, Blake has not shown that any dispossessory from his home would be unconstitutional. Moreover, the "forgery" and "service evasion" allegations are not issues properly raised on appeal.[5] The stay, if granted, would only affect Blake and any parties with an interest in the properties. Thus, Blake has not shown how the public interest would be served by granting this stay.

Accordingly, the Court concludes that Blake has not made the showing required to entitle him to the extraordinary remedy of a stay pending appeal. Blake's motion for stay pending appeal (ECF 3; 50) is **DENIED**.[6] Accordingly, Blake's motion to expedite the appeal (ECF 2) is also **DENIED**.

---

[5] Blake asserts in many of his filings that Grow forged a security deed to assert a right to the Woolfolk Road property. *See, e.g.*, ECF 50 at 3. He further asserts that Grow's attorney improperly served bankruptcy documents to him at the Woolfolk Road address, despite knowledge that the property was not his primary residence. *Id.* As stated, the Court has no jurisdiction over the Bankruptcy Court's grant of relief from the stay to Grow. Thus, alleged misconduct surrounding Grow's rights to the Woolfolk Road property or service of the motion for relief from the stay is immaterial to this appeal.

[6] This ruling resolves Blake's emergency motion for a protective order. ECF 35. Accordingly, that motion (ECF 35) is **DENIED**. Blake has also moved to compel transmission of the record on appeal. ECF 40. The record has been transmitted and, thus, that motion (ECF 40) is **TERMINATED as moot**.

**SO ORDERED**, this 1st day of August, 2026.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT