**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **JOSEPH MITCHELL BLAKE, III,** | ) | |
| | ) | |
| **Appellant,** | ) | |
| **v.** | ) | **CIVIL ACTION NO. 5:26-cv-219 (MTT)** |
| **MICHAEL GROW, JR., et al.,** | ) | |
| | ) | |
| **Appellee,** | ) | |

# ORDER

Appellant Joseph Mitchell Blake, III, moves the Court for reconsideration of its Order (ECF 55) denying his motion to expedite appeal and stay proceedings pending appeal. ECF 57, 58. For the following reasons, Blake's motions for reconsideration (ECF 57, 58) are **DENIED**.

## I. STANDARD

Pursuant to Local Rule 7.6, "Motions for Reconsideration shall not be filed as a matter of routine practice." M.D. Ga. L.R. 7.6. Indeed, "reconsideration of a previous order is an extraordinary remedy to be employed sparingly." *Bingham v. Nelson*, 2010 WL 339806 at *1 (M.D. Ga. Jan. 21, 2010) (internal quotation marks and citation omitted). It "is appropriate only if the movant demonstrates (1) that there has been an intervening change in the law, (2) that new evidence has been discovered which was not previously available to the parties in the exercise of due diligence, or (3) that the court made a clear error of law." *Id.* "In order to demonstrate clear error, the party moving for reconsideration must do more than simply restate his prior arguments, and

any arguments which the party inadvertently failed to raise earlier are deemed waived." *McCoy v. Macon Water Authority*, 966 F. Supp. 1209, 1222–23 (M.D. Ga. 1997).

## II. DISCUSSION

On June 3, 2026, Blake filed a notice of appeal in this Court from the Bankruptcy Court. ECF 1. He then moved to stay two Bankruptcy Court orders pending appeal to this Court. ECF 2, 3. Blake again moved to stay those orders on July 27, 2026. ECF 50. On August 1, 2026, the Court denied those motions, along with his related motions to expedite his appeal (ECF 2) and for a protective order (ECF 35). ECF 55. Broadly speaking, the Court denied Blake's motion to stay the two Bankruptcy Court orders for two reasons. The Court lacked jurisdiction to review the first order, which granted relief from the automatic bankruptcy stay, because Blake did not timely appeal that order. ECF 55 at 3. The Court denied Blake's motion to stay the Bankruptcy Court's order dismissing his bankruptcy petition because he had not demonstrated that he was entitled to the "extraordinary remedy" of a stay pending appeal to this Court. *Id.* at 4.

Blake now moves for reconsideration. ECF 57, 58. He identifies no intervening change in the law or newly discovered evidence. Instead, Blake contends that the Court committed clear error in denying his motions. ECF 57 at 1. However, he merely restates arguments the Court has already considered and rejected.

### A. Improper Service

Blake, throughout his many pleadings, complains that appellee Michael Grow, Jr. deliberately served pleadings at an improper address. *See, e.g.*, ECF 50 at 3–4. Blake argues that the Court "mistakenly mischaracterized" his service argument as "immaterial" and as relating only to his motion for relief from stay. ECF 57 at 1.

However, Blake's service allegations do not entitle him to relief with respect to either order. To the extent Blake challenges the Bankruptcy Court's order granting relief from the automatic stay, this Court lacks jurisdiction to review that order because Blake's appeal was untimely. ECF 55 at 3.[1]

To the extent Blake challenges the Court's denial of a stay pending appeal of the Bankruptcy Court's dismissal order, his argument does not alter the Court's conclusion that he is not entitled to a stay pending his appeal. Blake had actual notice of the motion to dismiss, and the Bankruptcy Court provided him with an opportunity to be heard through both written briefs and oral argument.[2] *See United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 272 (2010) (concluding that actual notice of a proposed discharge "more than satisfied [a creditor's] due process rights" even when the debtor did not serve a summons and complaint in accordance with the Federal Rules of Bankruptcy Procedure). Thus, regardless of Blake's allegations of improper service, he received the notice and opportunity to be heard necessary to satisfy due process.

**B. Fraudulent Interest**

Second, Blake argues that Grow's interest was fraudulently obtained. ECF 57 at 4–5. As the Court previously explained, however, the Court lacks jurisdiction to review

---

[1] Under Rule 8002 of the Federal Rules of Bankruptcy Procedure, "a notice of appeal must be filed with the bankruptcy clerk within 14 days after the judgment, order, or decree to be appealed is entered." Fed. R. Bankr. P. 8002(a)(1). If a party moves for reconsideration, "the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion." Fed. R. Bankr. P. 8002(b)(1). Blake filed his notice of appeal 49 days after the entry of the order disposing of his motion for reconsideration, 35 days late. ECF 45-7 at 8, 15.

[2] The same day Grow moved to dismiss Blake's bankruptcy case, Blake filed a response in opposition. ECF 45-7 at 9; 45-2 at 2–6. Blake later attended the scheduled Bankruptcy Court hearing and argued, as he does in this Court, that he could not complete the required credit counseling because of exigent circumstances. *See* ECF 45-10 at 3:13–14, 6:22–7:10, 8:16–9:11.

the Bankruptcy Court's order granting Grow relief from the automatic stay because Blake's appeal of that order was untimely. ECF 55 at 3.

To the extent Blake challenges the Bankruptcy Court's order of dismissal, his argument does not demonstrate that he was entitled to a stay because he is unlikely to succeed on the merits. The Bankruptcy Code defines "claim" as a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured." 11 U.S.C. § 101(5). A "creditor" is defined as an "entity that has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor." 11 U.S.C. § 101(10). *In re Bauman*, 2015 U.S. Dist. LEXIS 111031, at *8 (M.D. Fla. 2015) ("disputed or not, [the creditor's proofs of claims] evinced alleged 'claims' that made Appellees 'parties in interest' with a tangible stake in Appellant's Chapter 13 case"). Thus, Blake's allegations that Grow fraudulently obtained the Woolfolk Road interest do not establish that Grow was not a creditor for purposes of the Bankruptcy Code. More importantly, the validity of Grow's interest does not cure Blake's failure to complete the credit counseling required by 11 U.S.C. § 109(h)(1).[3]

**C. Credit Counseling**

Finally, Blake argues that the 12 days the Court found he had to complete the required credit counseling were a "mathematical illusion" because alleged improper service prevented him from complying with the credit counseling requirement. ECF 57 at 6. However, any alleged deficiencies in service had no bearing on Blake's obligation

[3] Under § 109(h)(1), an individual may not be a debtor unless he first obtains credit counseling by an approved nonprofit budget and credit agency. Section 109(h)(3)(A) provides an exception to the credit counseling requirement, but Blake did not meet its requirements. ECF 55 at 5.

to complete credit counseling. Section 109(h)(1) requires an individual debtor to complete credit counseling as a prerequisite to eligibility for bankruptcy relief. It was not Grow's responsibility to notify Blake of that statutory requirement or to ensure his compliance with it.

## III. CONCLUSION

Because Blake has failed to show that the Court made a clear error in its previous Order (ECF 55), his motions for reconsideration (ECF 57, 58) are **DENIED**.

**SO ORDERED**, this 28th day of September, 2026.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT